UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,


vs.                                        5:20-mj-461

BETHANN MARIE WALLACE,

                    Defendant.

-------------------------------------------------x

**Transcript of Telephone Conference**

held on January 8, 2021

HONORABLE THERESE WILEY DANCKS

United States Magistrate Judge, Presiding


<u>APPEARANCES</u> (by telephone)

For Government:   OFFICE OF THE U.S. ATTORNEY
                  Western District of New York
                  100 State Street
                  Rochester, New York 14614
                    BY:  SEAN C. ELDRIDGE, AUSA

For Defendant:    OFFICE OF THE FEDERAL PUBLIC DEFENDER
                  Northern District of New York
                  4 Clinton Square
                  Syracuse, New York 13202
                    BY:  RANDI JUDA BIANCO, ESQ.




*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

*USA v. Bethann Marie Wallace - 20-mj-461*

1      THE CLERK:  In the matter of the United States of

2  America versus Bethann Wallace, case 20-mj-461.  Counsel,

3  please note your appearance for the record.

4      MR. ELDRIDGE:  Good morning, Your Honor.  Sean

5  Eldridge for the United States.

6      MS. BIANCO:  Good morning, Your Honor.  Randi

7  Bianco for Beth Wallace.

8      THE COURT:  All right, good morning to both

9  counsel, and good morning, Ms. Wallace.

10      I put this telephone conference on because of an

11  issue that had come up with regard to the conditions of

12  release, and then another issue that I'll deal with

13  separately with defense counsel and defendant.

14      So first let me deal with the issue with regard to

15  the conditions of release.  And I know, Mr. Christopher,

16  you're on the phone too as her supervising officer.  It is my

17  understanding that the defendant has had a mental health

18  evaluation.  Is that your understanding as well,

19  Mr. Christopher?

20      PROBATION OFFICER:  Yes, Your Honor.  She had a

21  dual diagnosis evaluation completed at Helio Health here in

22  Syracuse.

23      THE COURT:  Okay.  And Ms. Bianco, is that your

24  understanding as well?

25      MS. BIANCO:  Yes, it is.

*USA v. Bethann Marie Wallace - 20-mj-461*

1      THE COURT:  Okay.  And it's my understanding that

2  the individual who did -- the provider, the treatment

3  provider who did the preliminary health dual diagnosis

4  evaluation at Helio Health Treatment Agency recommended that

5  the defendant participate in the Criminal Justice Group

6  Counseling Program to address alcohol use disorder and

7  adjustment disorder.  Ms. Bianco, is that your understanding?

8      THE DEFENDANT:  No, they didn't.  No, they didn't.

9  That's a lie.

10      THE COURT:  Hold on, Ms. Wallace.

11      THE DEFENDANT:  Let me explain something.  I don't

12  have to accept this hearing, because you are a criminal

13  group.  You've all been arrested and in the future you're

14  going to be over this matter.  I suggest that you order

15  Mr. Christopher to remove the bracelet.  And I know you're

16  all aware of it, every one of you.

17      THE COURT:  Okay, hold on.  Hold on.

18      THE DEFENDANT:  So this situation with you and your

19  relationship with Fredo (phonetic) is going to end, because

20  you're all going to end up in prison.  Sending a warrant for

21  my arrest is going to end up with you being in prison.  Do

22  you understand what I'm saying to you?

23      THE COURT:  Stop talking, Ms. Wallace, please.

24      THE DEFENDANT:  No.  This hearing is over.

25      THE COURT:  Ms. Wallace, you will leave me no

*USA v. Bethann Marie Wallace - 20-mj-461*                    4

1   choice but to issue an arrest warrant for you, and I don't

2   want that to happen to you.  We're all trying to help you and

3   I think --

4          MS. BIANCO:  I think she's hung up, Judge.

5          THE COURT:  I want you to understand --

6   Ms. Wallace, are you still there?  She just hung up.

7          Okay.  Well, I have no choice but to get you an

8   arrest warrant for her at this point.  On the record right

9   now, Mr. Christopher, have you actually spoken to the Helio

10  Health Treatment provider?

11         PROBATION OFFICER:  Yes, I did.

12         THE COURT:  And is it their recommendation that she

13  attend the Criminal Justice Group Counseling and address

14  alcohol use disorder and adjustment disorder?

15         PROBATION OFFICER:  Yes, Your Honor.

16         THE COURT:  Ms. Bianco, did you have any

17  conversations?  I recognize that as set forth in docket

18  number 11, I recognize that, but before that have you had any

19  conversations with her about getting some treatment?

20         MS. BIANCO:  I tried.

21         THE COURT:  Okay.  I was prepared today to just

22  amend her conditions of release and add condition (s),

23  subparagraph 8(s), which would require her to participate in

24  outpatient or inpatient substance abuse treatment.  Obviously

25  she's not cooperating with anybody, based upon the fact that

1    she's hung up on this telephone call.

2         So I am going to issue a warrant for her arrest for

3    failure to follow the court directives and we'll get her --

4    I'll get a hearing on related to that, it will be a video

5    hearing, at that point.

6         Let me just say, the other issue, I will address

7    that by a separate text order, Ms. Bianco, so that you

8    understand what's happening there too.  All right?

9         MS. BIANCO:  All right.

10        THE COURT:  I'm going to appoint new counsel for

11   her in the hope that that may make a difference as well.  And

12   it's not -- that is not by any stretch of the imagination,

13   Ms. Bianco, to say that you've done nothing but your best for

14   her, so I don't want this to be a reflection on you or your

15   office.

16        MS. BIANCO:  Thank you.

17        THE COURT:  All right.  Anything else?

18        Mr. Eldridge, do you want to be heard on any of

19   these issues?

20        MR. ELDRIDGE:  Judge, just an ancillary issue.  I

21   would ask and I would make a motion, and if the Court wants

22   me to put it in writing, I could, under Section (h)(7)(A) of

23   the Speedy Trial Act, indictment and clock, to exclude the

24   time between today and at least our next court appearance,

25   both on a couple of bases; one, to allow Ms. Wallace to

*USA v. Bethann Marie Wallace - 20-mj-461*

1  obtain and meet with that new counsel that the Court is going

2  to appoint and to have the continued assistance of counsel as

3  well as, although it's of her own doing, what appears to be

4  her unavailability in these proceedings at the moment.

5          THE COURT:  Okay.  Ms. Bianco, do you want to be

6  heard on that?

7          MS. BIANCO:  No.  Since you're appointing new

8  counsel, I'll admit that.

9          THE COURT:  The stipulation that's currently on the

10  docket was signed September 30th, which I'm just pulling it

11  up right now.  I think it was 90 days, so that would take us

12  to the end of December.  So your issue, Mr. Eldridge, is

13  because that has currently expired?

14          MR. ELDRIDGE:  Yes, Judge.  And just in all candor

15  to everyone, I mean, I know the Court doesn't want to be

16  involved in our plea negotiations and I don't mean to infer

17  that by about what I'm going to say, just so the Court

18  understands where we were, we had talked about some potential

19  plea numbers.  Ms. Wallace in late December I was told did

20  not want to do that.

21          I actually have time scheduled before the grand

22  jury a week from yesterday, next Thursday, but, quite

23  frankly, in fairness to new counsel and to Ms. Wallace, once

24  we indict the case, our plea posture will change; our offer

25  is much more favorable pre-indictment than it would be post

1    indictment.  And to give that new counsel an opportunity to

2    meet with Ms. Wallace to discuss the case, you know, myself

3    as well, I would propose that that exclusion of time going

4    prospectively from today forward would be in the best

5    interest of not only the defendant, but certainly serve the

6    interest of justice in not only conserving valuable court and

7    grand jury resources, but giving Ms. Wallace the opportunity

8    to at least explore her options with her new counsel and to

9    then make a determination of how she wants to proceed.

10            THE COURT:  All right.  Here's what I'll do on that

11   then.  I'll grant your motion, Mr. Eldridge, and I will

12   exclude the time from December 30th, I think it would have

13   been, whatever the 90th day was after September 30th, up

14   through -- and I'm going to put an end date on it right now

15   just so that it's clear.  I'm just going to exclude the time

16   up through January 29th based upon your motion, and I

17   recognize that there may be further time needed.  And then

18   once new counsel gets on board, which I intend to do

19   immediately, I will -- you can confer with that new counsel

20   and stipulate to additional time.

21            Do you understand, Mr. Eldridge, if that's what you

22   want to do?

23            MR. ELDRIDGE:  I do, Judge, and I appreciate that.

24   And frankly, I would have sought a stipulation from

25   Ms. Bianco as we did before but for the counsel situation, so

1   I think -- I would say respectfully I think the Court can

2   only exclude from today, the date of my motion, moving

3   forward, but certainly to the 29th I think would give us more

4   than sufficient time to meet with new counsel.

5              THE COURT:  Okay.  All right.  So I'll do that then

6   with that amendment to my order and get that, Mr. Eldridge,

7   so it would be the time from today through January 29th.  And

8   again, if further time is needed at that point once I get new

9   counsel on board, which as I said I intend to do immediately,

10  we'll go from there if you need further time to put together

11  a stipulation and get that into the court.  All right?

12             MR. ELDRIDGE:  Thank you.

13             THE COURT:  Ms. Bianco, until I get -- until we get

14  somebody on board, you're still on as counsel, still on as

15  counsel.  I will actually have somebody on board if not by

16  today, by Monday.  All right?

17             MS. BIANCO:  Okay.  Thank you, Judge.

18             THE COURT:  So until something goes up on the

19  docket in that regard as to new counsel, you won't be

20  terminated as her counsel.  Do you understand?

21             MS. BIANCO:  Yes, I do.

22             THE COURT:  Okay.

23             Mr. Eldridge, anything else from the government?

24             MR. ELDRIDGE:  No.  Thank you very much, Judge.

25             THE COURT:  Ms. Bianco, anything else?

*USA v. Bethann Marie Wallace - 20-mj-461*

1      MS. BIANCO:  No.  Thank you.

2      THE COURT:  All right.  So just to be clear, I'm

3  issuing an arrest warrant due to her issues not following the

4  directives of the Court today being available for this

5  conference.  And for the record, she has hung up on us.

6      All right.  I think that's all we can do today.

7  Thanks, everybody.

8      MS. BIANCO:  Thank you.

9                  *              *              *

C E R T I F I C A T I O N

       I, EILEEN MCDONOUGH, RPR, CRR, Federal Official
Realtime Court Reporter, in and for the United States
District Court for the Northern District of New York,
do hereby certify that pursuant to Section 753, Title 28,
United States Code, that the foregoing is a true and correct
transcript of the stenographically reported proceedings held
in the above-entitled matter and that the transcript page
format is in conformance with the regulations of the
Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter