UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA,**

    vs.

**BETHANN MARIE WALLACE,**

                   **Defendant.**

5:21-CR-00124
(MAD/TWD)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>100 State Street<br>Rochester, New York 14614<br>Attorneys for the Government | SEAN C. ELDRIDGE, AUSA |
| **OFFICE OF STUART J. LAROSE**<br>247 West Fayette Street - Suite 315<br>Syracuse, New York 13202<br>Attorneys for Defendant | STUART J. LAROSE, ESQ. |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On April 8, 2021, Defendant Bethann Marie Wallace was indicted for threatening United States Representative John Katko by interstate communication. *See* Dkt. No. 26. Defense counsel moved for a competency determination and, on August 31, 2021, Magistrate Judge Dancks found Defendant mentally incompetent to stand trial. *See* Dkt. No. 34. After efforts to restore Defendant's competency were unsuccessful and Defendant refused to voluntarily take antipsychotic medication, the United States of America (the "Government") moved to forcibly medicate Defendant under *Sell v. United States*, 539 U.S. 166, 179 (2003). *See* Dkt. No. 38. A video hearing was held on April 6, 2022. See Dkt. No. 43.

On May 31, 2022, Magistrate Judge Dancks issued a Report-Recommendation and Order recommending that the Government's motion for an order authorizing involuntary medication of Defendant to restore her competency for trial be granted. *See* Dkt. No. 51. No objections were filed to the Report-Recommendation and Order. As set forth below, Magistrate Judge Dancks' Report-Recommendation and Order is adopted in its entirety and the Government's motion is granted.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the parties are referred to the May 31, 2022 Report-Recommendation and Order. *See* Dkt. No. 51.

## III. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). Defendant has not filed an objection to the report-recommendation and the Court will review it for clear error.

Having carefully reviewed Magistrate Judge Dancks' Report-Recommendation and Order, the Court does not find any clear error. "[T]he Government may involuntarily medicate a

mentally ill defendant to render him [or her] competent for trial if: [i] there are important governmental interests in trying the individual; [ii] the treatment will significantly further those interests; [iii] the treatment is necessary to further those interests, considering any less intrusive alternatives; and [iv] the treatment is medically appropriate." *United States v. Gomes*, 387 F.3d 157, 159-60 (2d Cir. 2004) (citing *Sell*, 539 U.S. at 180-81).

First, the Court agrees with Magistrate Judge Dancks that the Government carried its burden of demonstrating by clear and convincing evidence that important government interests are at stake. As Magistrate Judge Dancks found, Defendant has been charged with a count of threatening to kill United States Representative John Katko in violation of 18 U.S.C. § 115(a)(1)(B) and § 115(b)(4), and faces a maximum term of imprisonment of ten years on that charge. *See United States v. Evans*, 404 F.3d 227, 238 (4th Cir. 2005) (explaining "a felony whose maximum term of imprisonment is 10 years—is serious under any reasonable standard"); *United States v. Chrestman*, 525 F. Supp. 3d 14, 28 (D.D.C. 2021) (describing a violation of 18 U.S.C. § 115(a)(1)(B) as a "serious felony offense[]"). Furthermore, the potential for civil commitment does not abate the Government's interest in prosecuting Defendant, as she is unlikely to be civilly committed because—as both Drs. Correa and Silvas testified—her delusions do not render her a danger to herself or others. *See* Dkt. No. 43 at 42, 68; *see also Gomes*, 387 F.3d at 161.

Second, the Court agrees with Magistrate Judge Dancks that the testimony of Dr. Silvas has satisfied the Government's burden of showing that the use of Paliperidone will significantly further the Government's important interests. Specifically, Dr. Silvas credibly testified that Paliperidone has been effective at restoring individuals with delusional disorders to competency; the use of Paliperidone was substantially likely to restore Defendant's competency; and that

Paliperidone was unlikely to cause severe side effects, and any mild side effects were unlikely to interfere with Defendant's competency.  *See* Dkt. No. 43 at 50, 70-73.

Third, Magistrate Judge Dancks soundly concluded that involuntary medication is necessary to further the Government's interests because alternative, less intrusive treatments are unlikely to render Defendant competent for trial.  As Magistrate Judge Dancks found, (1) Dr. Correa testified that she and her team "tried all non-medication forms of treatment," but they "were not successful in restoring [Defendant] to competency," Dkt. No. 43 at 42; (2) Dr. Silvas testified that talk therapy would not restore Defendant to competency, *see id.* at 79; (3) both Drs. Correa and Silvas testified that Defendant repeatedly refused to consider voluntarily taking antipsychotic medication, *see id.* at 36, 38, 46, 66, 81; and (4) the nature of Defendant's delusional beliefs about the Court and the charges against her renders the threat of a contempt order unlikely to compel her to participate in her rehabilitation.

Finally, the Court agrees with Magistrate Judge Dancks' conclusion that the administration of Paliperidone is medically appropriate.  As the Report-Recommendation and Order found, Drs. Silvas and Correa testified that Paliperidone was the current standard of care for Defendant's delusional disorder, unlikely to cause severe side effects, and the only way to restore her competency for trial.  *See* Dkt. No. 43 at 42, 61, 71-73, 79.  Moreover, this Court agrees that administering a treatment with a low risk of side effects is medically appropriate where Defendant's delusional disorder appears to have played a part in the alleged criminal conduct at issue and Defendant appears to harbor delusions about this very case.

Accordingly, the Court discerns no clear error in Magistrate Judge Dancks' decision and the May 31, 2022 Report-Recommendation and Order is adopted in its entirety.

## IV. CONCLUSION

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 51) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the Government's motion for an order authorizing involuntary medication of Defendant to restore her competency for trial (Dkt. No. 38) is **GRANTED**; and the Court further

**ORDERS** that, pursuant to 18 U.S.C. § 4241(d)(2)(A), Defendant shall remain in the custody of the Attorney General at Carswell for further treatment to restore her to competence to proceed to trial; and the Court further

**ORDERS** that Defendant may be involuntarily medicated to restore her competence if she does not voluntarily accept medication, all in accordance with Dr. Silvas's proposed Paliperidone treatment plan; and the Court further

**ORDERS** that the staff at Carswell may perform involuntary physical and laboratory assessments and monitoring that are clinically indicated, if Defendant does not voluntarily submit to such assessments and monitoring; and the Court further

**ORDERS** that the period of treatment shall be four months from its commencement, which may be extended upon Court approval; and the Court further

**ORDERS** that the Government shall file monthly progress reports with the Court during the treatment period, with the fourth report being filed at least two weeks before the end of the four-month period concurrently with any request to extend the period; and the Court further

**ORDERS** that if there is a change in relevant circumstances, including changes in Defendant's medical condition, Defendant or the Government may move at any time to amend

this order; and the Court further

**ORDERS** that if Defendant is restored to competence, a report shall be filed with the Court discussing the results of the treatment, whether and how the medications will affect Defendant at trial, and how to monitor for effects of the treatment throughout trial; and the Court further

**ORDERS** that if it is determined that the treatment has failed, the Government shall file a report so advising the Court and assessing Defendant's current mental and physical condition; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 21, 2022
       Albany, New York

Mae A. D'Agostino
U.S. District Judge